UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
: CRIMINAL NO. 1:10-CR-00181-2
v. :
:
RAYMOND JONES, :
Defendant :

*M E M O R A N D U M*

*I.     Introduction*

Currently before the court is Defendant Raymond Jones's ("Defendant") pro se "expedited" motion (Doc. 193) for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). In the motion, Defendant seeks relief from our October 22, 2014 order (Doc. 159), in which we denied his motion (Doc. 152) to vacate his sentence under 28 U.S.C. § 2255. For the reasons that follow, we will deny the instant motion.

*II.    Factual Background and Procedural History*

On April 20, 2011, a jury convicted Defendant of drug-related crimes, (Doc. 107), and, on September 20, 2011, he was sentenced to 262 months imprisonment. (Doc. 129 at 3). On September 29, 2011, Defendant, through counsel, filed a notice of appeal. (Doc. 131). On November 1, 2012, the Third Circuit affirmed his convictions and sentence, (Doc. 147), and on November 23, 2012, the court issued its mandate. (Doc. 148).

Defendant alleges that on November 19, 2012, while incarcerated at FCI-Loretto, he received an envelope from direct-appeal counsel, Joshua M. Autry ("Attorney Autry"), of the law firm Boyle, Autry & Murphy. (Doc. 193 at 4). This envelope,

postmarked November 13, 2012, contained a copy of the Third Circuit's November 1, 2012 order affirming Defendant's conviction as well as a letter in which Attorney Autry expressed as follows:

> At this time, I do not believe there is any further viable avenue of review for your case. Your case does not meet the criteria for reconsideration for the Third Circuit En Banc. In addition, I do not believe this is a case in which the Supreme Court would grant a Petition for Writ of Certiori [sic]. The choice to file a Petition for Writ of Certiorari is yours.

(Doc. 193-1 at 3). In the letter, Attorney Autry additionally stated to Defendant, "You also have the right to file a petition for collateral relief under 28 U.S.C. §2255, which must be filed within one (1) year of the last decision rendered in your case. Should you have any questions or concerns, please do not hesitate to contact me." (Id. at 3-4). By the time Defendant received the letter and order on November 19, 2012, the deadline for filing a motion for a rehearing had passed pursuant to Federal Rule of Appellate Procedure 40(a)(1) which provides that "[u]nless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment."

After receiving the letter, Defendant contacted Attorney Autry and expressed to him that he wished to file a petition for rehearing. (Doc. 193 at 4). On December 3, 2012, Attorney Autry, on Defendant's behalf, filed with the Third Circuit a "motion for leave to file petition for panel rehearing nunc pro tunc." (Doc. 193-1 at 7-9). In the motion, Attorney Autry asserted that "[b]ecause [Defendant] is incarcerated at FCI Loretto, [Defendant] was unable to confer with his attorney until after the fourteen day deadline for filing a Petition for Rehearing." (Id. at 8). On the same date, Attorney Autry sent a copy of the motion to Defendant, along with a letter informing Defendant that the motion had been filed and informing Defendant to contact him if he had any questions or concerns. (Id. at

2

5). Additionally, on December 7, 2012, Attorney Autry, on Defendant's behalf, filed a motion to recall the Third Circuit's November 23, 2012 mandate. On September 11, 2013, the Third Circuit denied both motions. See United States v. Jones, No. 11-3693 (3d Cir. Sept. 11, 2013). On September 16, 2013, Dennis E. Boyle ("Attorney Boyle), of Boyle Litigation,[1] sent Defendant a copy of the Third Circuit's September 11, 2013 order denying his motions for a rehearing and to recall the mandate, as well as a letter in which Attorney Boyle stated to Defendant, "At this point, there is nothing further that we can do for you. I wish you all the best in the future." (Doc. 193-1 at 11).

On September 3, 2014, nearly one year after the Third Circuit denied his motion for rehearing and motion to recall the mandate, Defendant filed a pro se motion (Doc. 152) to vacate his sentence under 28 U.S.C. § 2255. In response thereto, the Government moved to dismiss Defendant's motion as untimely. (Doc. 157). Having considered the procedural history of the underlying criminal matter, in addition to the parties' respective arguments, we granted the Government's motion, and dismissed Defendant § 2255 motion as untimely. (See Doc. 159). Specifically, we found that because Defendant's motion for a rehearing was untimely and was ultimately denied by the Third Circuit, the ninety-day clock for filing a petition for certiorari was not stopped by the filing of the motion for a rehearing,[2] and his conviction became final on January 30,

---

[1] Defendant alleges that Boyle Litigation was formerly known as Boyle, Autry & Murphy. (Doc. 193 at 6).

3

2013—ninety days after the Third Circuit denied his appeal. (Id. at 2). Thus, he should have filed his § 2255 motion on or before January 30, 2014, but he failed to do so. (Id.)

On November 18, 2014, Defendant filed a motion (Doc. 160) for reconsideration of his § 2255 motion. Defendant argued that we committed clear error in that his 90-day window to file a petition for certiorari did not close until December 10, 2013—that is, 90 days after the Third Circuit denied his motions for rehearing and to recall the mandate. (Id. at 2-4). We disagreed with Defendant, and denied his motion for reconsideration. (Doc. 161 at 2). On March 19, 2015, Defendant filed a notice of appeal (Doc. 166) and, eventually, a motion (Doc. 169) for a certificate of appealability. In denying Defendant's application for a certificate of appealability, the Third Circuit affirmed. (See Doc. 173). We are unaware of any evidence to suggest that Defendant subsequently filed, or sought to file, a petition for certiorari following the Third Circuit's ruling.

Defendant then attempted to challenge the dismissal of his § 2255 motion by filing a motion (Doc. 174) under Federal Rule of Civil Procedure 60(b)(6), and subsequently a motion (Doc. 176) under Rule 59(e). In those motions, both of which we denied, Defendant raised essentially the same timeliness argument that he raised previously in his motion for reconsideration. Defendant appealed our denial of both his

---

[2] A timely petition for rehearing "operates to suspend the finality of the [Circuit] court's judgment," and, therefore, stops the ninety-day clock for filing a petition for certiorari. See Missouri v. Jenkins, 495 U.S. 33, 46 (1990). "The Supreme Court has also indicated that, even [if] a petition for rehearing was filed late, if a court of appeals grants permission to file, it becomes timely and the ninety-day clock for filing petitions for writs of certiorari is reset." United States v. Wall, 456 F.3d 316, 319 (3d Cir. 2006) (citing Young v. Harper, 520 U.S. 143 (1997)). In the instant matter, Defendant's motion for rehearing was filed late, and the Third Circuit denied the motion; consequently, the motion never became timely, and the ninety-day clock for filing a petition for certiorari was not stopped by the motion's filing.

4

60(b)(6) and 59(e) motions, and on October 24, 2016, the Third Circuit affirmed our denial of said motions. (Doc. 184).

Defendant has now filed another motion (Doc. 193) under Federal Rule of Civil Procedure 60(b)(6), seeking relief from the dismissal of his § 2255 motion. This time, Defendant argues that his failure to file his § 2255 motion in a timely manner was caused by various misgivings of his direct-appeal counsel and that these misgivings amount to extraordinary circumstances that justify reopening his untimely § 2255 petition. First, Defendant takes issue with the fact that Attorney Autry waited until November 13, 2012 to mail him the Third Circuit's November 1, 2012 order affirming his conviction. Defendant alleges that, as a result, he did not receive that order until November 19, 2012, which was four days after the November 15, 2012 deadline for filing a petition for rehearing. Defendant also contends that Attorney Autry failed to inform him that the filing of an untimely motion for rehearing did not stop the clock on the 90 day window for seeking certiorari from the Supreme Court, or that that the statute of limitations for filing a § 2255 motion began to run in January 2013. Moreover, Defendant avers that after Attorney Autry filed his motion for rehearing and motion to recall the mandate, he deserted him by leaving his law firm without notice and without providing substitute counsel for Defendant. Finally, Defendant complains that after the Third Circuit's September 11, 2013 denial of his motions for rehearing out of time and to recall the mandate, Attorney Boyle sent him a copy of the denial order, but failed to inform him that his deadline for seeking certiorari had expired or that the one-year statute of limitations for filing a § 2255 petition had already began running.

Defendant asserts that the alleged misgivings of Attorney Autry and Attorney Boyle led him believe that his judgment of sentence did not become final until September 11, 2013 when the Third Circuit denied his untimely motion for reconsideration; consequently, Defendant believed that he had until December 10, 2013 to seek certiorari, and that he had until December 10, 2014 to file a § 2255 petition. (Doc. 193 at 6-7).

On September 28, 2017, the Government filed a brief (Doc. 198) in opposition to Defendant's 60(b)(6) motion, and, thereafter, on November 13, 2017, Defendant filed a reply brief (Doc. 200) in support of his motion. Defendant's 60(b)(6) motion is now ripe for our disposition.

III.     *Discussion.*

Defendant filed the instant motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, or, more specifically, Rule 60(b)(6). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." Gonzales v. Crosby, 545 U.S. 524, 528 (2005). The first five subdivisions of Rule 60(b) delineate specific circumstances which may justify relief from final judgment.[3] The Rule's final subdivision, 60(b)(6), is referred to as a "catchall

---

[3] The first five subdivisions of Rule 60(b) provide as follows:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application . . . .

FED. R. CIV. P. 60(b)(1)–(5).

category," and permits a court to "lift a judgment for 'any other reason [aside from the circumstances specified in the first five subdivisions] that justifies relief.'" Buck v. Davis, 137 S. Ct. 759, 772 (Feb. 22, 2017) (quoting FED. R. CIV. P. 60(b)(6)). "Despite the open-ended nature of the provision, a district court may only grant relief under Rule 60(b)(6) in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" Satterfield v. Dist. Attorney Phila., 872 F.3d 152, 158 (3d Cir. Sept. 26, 2017) (quoting Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014)). The Supreme Court has stated that extraordinary circumstances justifying 60(b)(6) relief "will rarely occur in the habeas context." Gonzales, 545 U.S. at 535.

As we previously determined, and the Third Circuit agreed, the § 2255 petition which Defendant seeks to reopen was untimely because it was clearly filed after the applicable statute of limitations had lapsed. Thus, in order for us to reopen his untimely § 2255 petition, he must establish that he would be entitled to equitable tolling of the statute of limitations.[4] If unable to establish that he would be entitled to equitable tolling, it would be "futile" for us to reopen his petition "merely to dismiss it again as time-barred." See United States v. Harris, 268 F.Supp.2d 500, 506-07 (E.D. Pa. 2003) (finding that reopening a petitioner's time-barred § 2255 petition would be an "empty gesture" because she failed to show that she would be eligible for equitable tolling if it were reopened).

Our Supreme Court has held that "[a] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v.

---

[4] When the Government moved to dismiss Defendant's § 2255 motion as untimely in October 2014, Defendant did not argue that he was entitled to equitable tolling even though he could have raised such an argument at that time.

7

Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "Equitable tolling is a remedy which should be invoked 'only sparingly.'" United States v. Bass, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). Generally, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads lawyer to miss a filing deadline, does not warrant equitable tolling." Holland, 560 U.S. at 651-52 (internal quotation marks and citations omitted); see also Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding that petitioner was not entitled to equitable tolling based on his attorney's mistake in calculating the limitations period); Johnson v. Hendricks, 314 F.3d 159, 160 (3d Cir. 2002) (denying equitable tolling where a prisoner relied on the erroneous advice of counsel as to when his habeas petition was due). While attorney negligence is generally not a basis for equitable tolling, the Third Circuit has found equitable tolling to be justified in certain circumstances where an attorney makes a deliberate misrepresentation to a client which results in an untimely filing. See, e.g., Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 237-38 (3d Cir. 1999) (finding equitable tolling to be appropriate when "a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to her that he had."). But see Schlueter v. Varner, 384 F.3d 69, 77-78 (3d Cir. 2004) (finding equitable tolling unwarranted when an attorney represented to his client that he would file a habeas petition and then failed to do so, but the client had failed to take "affirmative steps to ensure the timely filing of a PCRA petition" and did not "attempt to ascertain . . . whether [the attorney], in fact, had filed a PCRA petition.").

In Cristin v. Wolfe, 168 F. App'x 508 (3d Cir. 2006), the Third Circuit denied equitable tolling to a habeas petitioner who presented facts similar to those presented by Defendant in the instant matter. In that case, Rosalinda Cristin, a state prisoner who filed an untimely habeas corpus petition argued that she was entitled to equitable tolling of the one-year statute of limitations because the attorney who represented her in unsuccessful PCRA proceedings before the Pennsylvania Superior Court failed to inform her that he was no longer representing her after the Superior Court appeal, failed to inform her that she could file a habeas petition in federal court, and failed to inform her of the deadlines for such a filing. Id. at 511-12. However, Superior Court counsel testified that he had not been retained by Cristin to file a habeas petition, and that he never represented to her or anyone else that he would file a petition. Id. at 511. Based on these facts, the Third Circuit affirmed the District Court's finding that Cristin's untimely habeas petition was not subject to equitable tolling, holding that the attorney's alleged conduct did not rise to the level of misrepresentations exhibited by the attorneys in cases such as Seitzinger and Schlueter. Id. at 512.

Upon review of Defendant's 60(b)(6) motion and upon consideration of the foregoing discussion of law, we find that the misgivings of counsel alleged by Defendant do not rise to the level that would entitle him to equitable tolling of the statute of limitations for filing a § 2255 petition. With regard to Defendant's allegation that Attorney Autry waited too long to mail Defendant the November 1, 2012 order affirming his conviction, this, at best, amounts to an allegation of mere negligence, and does not warrant equitable tolling. Moreover, the late mailing of that order did not directly cause the untimeliness of Defendant's § 2255 petition. Defendant merely avers that the late mailing caused him to

9

miss the deadline for filing a motion for rehearing.  After Defendant filed his late motion for a rehearing with the Third Circuit, he still had ample time (more than a year) to file a timely § 2255 petition.

With regard to the deadline for filing a § 2255 petition, Defendant does not allege that either Attorney Autry or Attorney Boyle made any affirmative misrepresentations with regard to said deadline, and based on precedent, we are unable to conclude that a mere failure to inform Defendant of the proper deadline for such a filing, or a failure to clarify such deadline, amounts to the type of conduct that justifies equitable tolling given the facts of this case.  In the letter sent to Defendant after the Third Circuit affirmed his conviction and sentence, Attorney Autry actually informed Defendant that one option going forward was to file a § 2255 petition and informed Defendant that such petition "must be filed within one (1) year of the last decision rendered in [Defendant's] case."  (Doc. 193-1 at 3-4).  Although the language contained within the letter was arguably unclear, Defendant does not allege that he made any effort to exercise due diligence and reach out to Attorney Autry or Attorney Boyle for clarification as to the deadline.

Finally, while Defendant vaguely claims that Attorney Autry deserted him after the motion for a rehearing and motion for recall were filed with the Third Circuit, he does not provide facts to suggest how this alleged desertion would justify equitable tolling.  While Attorney Autry had advised Defendant that filing a § 2255 petition may be an option after the Third Circuit affirmed his sentence, Defendant does not allege that he ever attempted to seek the assistance of Attorney Autry in filing a § 2255 petition or that Attorney Autry agreed to provide such assistance and then failed to do so.  In fact,

10

Defendant alleges no facts to suggest that Attorney Autry agreed to act as anything more than direct-appeal counsel.

*IV.*	*Conclusion*

Because Defendant would not be entitled to equitable tolling of the statute of limitations, we conclude that reopening his untimely § 2255 petition would be futile, as we would merely dismiss it again as untimely.  Consequently, his 60(b)(6) motion will be denied.  An appropriate order follows.

<u>/s/ William W. Caldwell</u>
William W. Caldwell
United States District Judge